IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA : 
:
v. : Criminal No. DKC 12-0601
:
WILLIE J. MOULING, SR. :
:

**MEMORANDUM OPINION AND ORDER**

Pending before the court is an appeal filed by Appellant Willie J. Mouling, Sr., from a judgment of conviction entered by United States Magistrate Judge Charles B. Day on November 21, 2012. For the reasons that follow, the judgment will be affirmed.

On September 12, 2012, Appellant was issued a citation by law enforcement officers at Andrews Air Force Base ("AAFB") for overtaking and passing a school vehicle, in violation of Md. Code Ann., Transp. § 21-706. On November 19, he appeared, *pro se*, before Judge Day and entered a plea of not guilty. The case proceeded to trial immediately thereafter.[1]

The government called as its only witness Staff Sergeant Jonathan Perry. Sergeant Perry testified that, at approximately 8:27 a.m. on September 12, he was seated in the passenger seat

---

[1] A transcript of the trial has not been prepared, but the court has reviewed a recording of the proceeding and the disk is in the court file.

of a marked law enforcement vehicle as it turned from a school onto a two-lane street. Shortly after turning, Sergeant Perry observed a school bus driving toward the same school in the opposite lane. The law enforcement vehicle passed the bus as it was stopping to pick up a group of waiting children. Sergeant Perry observed the bus activate its flashing red lights and stop signs as it prepared to stop. At around the same time, he saw a red sports utility vehicle, driven by Appellant, pull out from behind the bus into the opposite lane in order to pass. Sergeant Perry testified that the flashing red lights and stop signs on the bus were activated at the time Appellant passed. He and his partner pursued Appellant, who was issued a citation for illegal passing shortly after dropping his daughter off at the school.

Appellant testified on his own behalf. He denied that the red lights and stop signs on the bus were activated when he passed. Rather, he asserted that he drove onto AAFB property behind the bus, as he had done on numerous prior occasions, and waited to pass until the unbroken double-yellow lines on the street changed to a broken yellow line. According to Appellant, he legally executed the passing maneuver and the only car in the opposing lane was approximately forty yards away at that time.

After Appellant testified, Judge Day recalled Sergeant Perry to ask a few additional questions. Appellant was then

2

given the opportunity to present further testimony in light of that given by Sergeant Perry. On cross-examination, he testified that his daughter's school day started at 8:15 a.m. When the government attorney suggested that Appellant was, therefore, running late at the time of the incident, which occurred just before 8:30 a.m., Appellant backtracked. He purported to clarify that students were allowed to enter the school at 8:15, but that school did not start until 8:30 and that students were not considered late until 8:35.

Based on the evidence presented, Judge Day found that Petitioner was taking his daughter to school at the time of the incident; that he was running late; that he was looking for an opportunity to pass the bus; and that he executed a passing maneuver as the bus stopped to pick up children. The court credited Sergeant Perry's testimony that the flashing red lights and stop signs on the bus were activated at the time Appellant passed, and found that the passing maneuver was, therefore, in violation of Md. Code Ann., Transp. § 21-706. Accordingly, Appellant was found guilty as charged and ordered to pay a fine in the amount of $650.00.

The following day, Appellant noted the instant appeal. (ECF No. 1). On December 18, he filed a brief, stating merely that he "denied [the] charges" and attaching a handwritten statement, purportedly from the driver of the bus, supporting

3

his version of events at trial. (ECF No. 3). The government filed its brief in opposition on February 13, 2013. (ECF No. 8).

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and . . . serv[ing] a copy on the adverse party." Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeal from a judgment entered by a district judge." Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo*." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

In the absence of any specific argument by Appellant, the government has construed his brief as challenging the legal sufficiency of the evidence. The standard of review applicable to such a challenge was recently set forth by the United States Court of Appeals for the Fourth Circuit:

> "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). In a sufficiency of the evidence challenge, [the court views] the evidence on

4

> appeal in the light most favorable to the government in determining whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). [It] review[s] both direct and circumstantial evidence, and accord[s] the government all reasonable inferences from the facts shown to those sought to be established. *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). [It does] not review the credibility of the witnesses and assume[s] that the [fact-finder] resolved all contradictions in the testimony in favor of the government. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). [The court] will uphold the [fact-finder's] verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. *Foster*, 507 F.3d at 244–45.

*United States v. Cone*, 714 F.3d 197, 212 (4th Cir. 2013).

Appellant has failed to meet his "heavy burden" here. Pursuant to Md. Code Ann., Transp. § 21-706(a), "[i]f a school vehicle has stopped on a roadway and is operating the alternately flashing red lights specified in § 22-228 of this article, the driver of any other vehicle meeting or overtaking the school vehicle shall stop at least 20 feet from the rear of the school vehicle[.]" The testimony of Sergeant Perry unequivocally established Appellant's violation of this provision. Although Appellant presented testimony to the contrary, a district court is not permitted to "weigh the evidence or assess the credibility of witnesses" on appeal. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). The

5

critical question is whether "a reasonable finder of fact could accept [the evidence] as adequate and sufficient to support a conclusion of a defendant's guilty beyond a reasonable doubt." *Kelly*, 510 F.3d at 440 (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In the instant case, that question must be answered affirmatively.[2]

Accordingly, it is this 8th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Appellant's judgment of conviction BE, and the same hereby IS, AFFIRMED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the government and directly to Appellant and CLOSE this case.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```

---

[2] To the extent that Petitioner seeks to introduce the purported statement of the bus driver, the scope of appellate review is confined to the record below. *See* Fed.R.Crim.P. 58(g)(2)(D). Moreover, just as Appellant's attempted testimony at trial regarding what the bus driver told him after the incident was precluded on hearsay grounds, so, too, does the written statement attached to his appellate brief constitute inadmissible hearsay. *See* Fed.R.Evid. 801, 802.